Jambs J. Conroy, J.
In a proceeding under section 964 of the Penal Law to restrain the respondents from using the name “Andy’s Pizzeria” in their business, the respondents have cross petitioned to enjoin the plaintiff from using the words “ Andy’s Pizzeria ” in his business.
Petitioner, Andy’s Pizzeria Successors Inc., conducts a bar and restaurant at 5-46 50th Avenue, Long Island City, specializing in Italian food and more particularly “ pizzas ”. It was incorporated under the laws of the State of New York in August, 1955 as the successor in interest of Andy’s Pizzeria Inc., a domestic corporation, incorporated on March 8, 1940. Petitioner’s predecessor, Andy’s Pizzeria Inc., purchased the bar and restaurant from the respondent, Andrew Bellini, under a bill of sale dated March 6, 1940 and it continued to do business at 5-50 50th Avenue, Long Island City, until 1950 when it moved to 5-46 50th Avenue, Long Island City. Between 1940 and 1950, the respondent Bellini did not conduct any business in this area. However on March 27, 1950, said respondent executed a certificate of doing business under the name of “ The Original Ha Cha Inn ” at 5-50 50th Avenue, Long Island City, where petitioner’s business was originally located. On January 13, 1955, the respondent, Andrew Bellini, entered into a copartnership with the respondent, Nicholas V. Ruggiero, and executed a certificate of doing business under the name “ The Original Ha Cha Inn ”.
About a year ago, petitioner, Andy’s Pizzeria Successors Inc., installed a canopy extending from the building in which it conducts its restaurant across the sidewalk with the name “ Andy’s Pizzeria ” inscribed on the side of said canopy. Some three weeks ago, the respondents installed a canopy, similar to that of the petitioner, at their place of business, a few doors away, corresponding in size and color to that of the petitioner and with the lettering on the side thereof as follows: “ Andy’s Pizzeria Nick’s ”.
It is contended by the petitioner, Andy’s Pizzeria Successors Inc., that the respondents’ use of the foregoing name on the side of the canopy was intended to appropriate in substantial part its name, good will and prestige. The respondents, on the other hand, contend that they have been aggrieved in that the use of the word “Andy” by the petitioner constitutes a representation that an individual by that name is connected with it when, as a matter of fact, such is not the case.
The court does not agree with this contention. The word “Andy” is part of the corporate name of the petitioner to whose Dredecessor, Andy’s Pizzeria Inc., the respondent, *801 Andrew Bellini, originally sold the restaurant. The extrinsic and objective circumstances presented in this case lead the court to the conclusion that the respondents, doing business under the assumed name of the Original Ha Cha Inn, erected their canopy across the sidewalk and inscribed the name on the side thereof “Andy’s Pizzeria Nick’s” for the purpose of trading on petitioner’s name “Andy’s Pizzeria” on a similar canopy a few doors away.
Under these circumstances, the petitioner’s Andy’s Pizzeria Successors Inc. application to restrain the respondents from using the word “Andy’s” in conjunction with the word “ Pizzeria ” is granted and the cross petition of the respondents is denied.
Settle order.